THE CHICAGO WEST DIVISION RAILWAY COMPANY

*v.*

LEO PATRICK RYAN.

*Filed at Ottawa January 21, 1890.*

1. NEGLIGENCE—*whether imputable to a child—and herein, of negligence on the part of one having the child in charge.* An infant not over seventeen months old, being incapable of exercising care for its safety, can not be charged with negligence, in a suit by it against another for negligence resulting in a personal injury.

2. If those in charge of a street railway car may, by the exercise of ordinary care, avoid injuring a child of very tender years, and fail to exercise such care, the question of the negligence of those having the care and custody of the child will be immaterial, and the railway company will be liable to the child directly, regardless of the negligence of those having its custody.

3. SAME—*duty towards one in a place of danger—even if wrongfully there.* If B, in the performance of some lawful work of his own, such as operating a street car, has notice that A is in danger of being hurt by what B is doing, and that A is unable to escape the danger, then B must use reasonable care to prevent the threatened injury, and he will be answerable to A for the want of such care, even though A is negligent in placing himself in such danger.

4. Although a party may be guilty of negligence in putting himself in a place of peril, as, upon a railway track, at a point where he has no right to be, yet the other party, even in the performance of its lawful business, may not wantonly or willfully injure him, and if its servants, with a knowledge of the party's danger, fail to use ordinary care to avoid injuring him, the company may be held liable for the injury.

5. A plaintiff may recover for an injury caused by the defendant's negligence, notwithstanding his own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's omission, after such notice of the plaintiff's danger as to put a prudent man upon his guard to avoid the injury. If the plaintiff is an adult, the defendant will only be liable for willful or gross negligence, but if a child, then for the want of ordinary care.

6. So if a child of seventeen months gets upon a crossing of a city horse railway, and is in such a position as to show probable danger of injury to it by an advance of a street car, the driver should exercise ordinary care to prevent the threatened injury, if he knows, or might have known by ordinary care, of the danger; and if he fails to exercise

such care, the company will be liable for any injury resulting therefrom. But if the child runs on the track so suddenly that the driver has no such notice of danger as to give him an opportunity to avoid the injury by the exercise of ordinary care, the child can not recover of the company.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. William J. Hynes, for the appellant:

The negligence of those charged with the custody of an infant of tender years must be imputed to it. *Railway Co.* v. *Grable*, 88 Ill. 441; *Reed* v. *Railroad Co.* 34 Minn. 557; *Willetts* v. *Railroad Co.* 14 Barb. 585; *Honegsberger* v. *Railroad Co.* 33 How. Pr. 193; 1 Keys, 570; *Mangam* v. *Railroad Co.* 38 N. Y. 455; Wharton on Negligence, sec. 311.

To entitle a plaintiff to recover for mere negligence, as distinguished from willful tort, it must appear that the injured party was in the exercise of ordinary care. *Railway Co.* v. *Hicks*, 13 Bradw. 414; *Railroad Co.* v. *Johnson*, 103 Ill. 512; *Railroad Co.* v. *Manly*, 58 id. 300; *Railroad Co.* v. *Lee*, 68 id. 576; *Railway Co.* v. *Sweeney*, 52 id. 325; *Railroad Co.* v. *Gretzner*, 46 id. 74; *Railroad Co.* v. *Van Patten*, 64 id. 510; *Railroad Co.* v. *Green*, 81 id. 19.

Failure of parents to take care of a child incapable of caring for itself, prevents a recovery against one injuring it by negligence. *Railway Co.* v. *Stratton*, 78 Ill. 88; *Railroad Co.* v. *Gregory*, 58 id. 226; *Chicago* v. *Starr*, 42 id. 174; *Chicago* v. *Hesing*, 83 id. 204; *Railroad Co.* v. *Becker*, 84 id. 483; *Railroad Co.* v. *Miller*, 76 id. 278; *Chicago* v. *Major*, 18 id. 349; *Railroad Co.* v. *Bumstead*, 48 id. 221; *Gavin* v. *Chicago*, 97 id. 66; *Chester* v. *Porter*, 47 id. 66; *Railroad Co.* v. *Schumilowsky*, 8 Bradw. 613.

There are several cases in this State where this court has recognized the rule in actions by the child itself. (*Railway Co.* v. *Stratton*, 78 Ill. 88; *Railway Co.* v. *Gregory*, 58 id. 226;

*Gavin* v. *Chicago*, 97 id. 66.)    And outside this State, the rule has been repeatedly applied where the child was plaintiff.    See the following cases cited *supra:     Weil* v. *Battery Co.* 25 N. Y. 690 ; *Schindler* v. *Railroad Co.* 1 id. 289 ; *McClain* v. *Van-Zandt*, 39 id. 347 ; *McGeary* v. *Railroad Co.* 135 Mass. 363 ; *Lynch* v. *Smith,* 104 id. 52 ; *Mulligan* v. *Curtis,* 100 id. 512 ; *Lovett* v. *Railroad Co.* 9 Allen, 557 ; *Holly* v. *Gas Light Co.* 8 Gray, 123 ; *Hartfield* v. *Roper*, 21 Wend. 614 ; *Fitzgerald* v. *Railway Co.* 29 Minn. 336 ; *Morrison* v. *Railway Co.* 56 N. Y. 302 ; *Cosgrove* v. *Ogden*, 49 id. 255 ; *Mowrey* v. *Railway Co.* 66 Barb. 43 ; *Mangam* v. *Railway Co.* 36 id. 230 ; *Waite* v. *Railway Co.* E. B. E. 719 ; *Lester* v. *Lewiston*, 62 Me. 468 ; *Flynn* v. *Halton,* 4 Daly, 552 ; *O'Conner* v. *Railroad Co.* 135 Mass. 352 ; *Mangan* v. *Railroad Co.* 38 N. Y. 455 ; *McMahon* v. *Railroad Co.* 39 Md. 438 ; *Railway Co.* v. *McDonnell*, 43 id. 534 ; *Meeks* v. *Railroad Co.* 52 Cal. 602 ; *Railroad Co.* v. *Huffman*, 28 Ind. 287 ; *O'Brien* v. *McGlinchy*, 68 Me. 552 ; *Brown* v. *Railway Co.* 58 id. 384 ; *Hathaway* v. *Railway Co.* 46 Ind. 25 ; *Cadmus* v. *Railway Co.* 15 Mo. App. 186 ; *Collins* v. *Railroad Co.* 142 Mass. 301 ; *Stillson* v. *Railroad Co.* 67 Mo. 671 ; *Payne* v. *Railroad Co.* 70 Iowa, 584.

Messrs. ABBOTT, OLIVER & SHOWALTER, for the appellee :

If the car driver had notice of the child's danger in time to have saved it from injury, and took no steps to save it, the company is liable, regardless of the question of negligence on the part of the custodian of the child.    *Werner* v. *Railway Co.* 81 Mo. 374 ; *Scoville* v. *Railroad Co.* 81 id. 434 ; *Railway Co.* v. *St. John*, 5 Sneed, 524 ; *Gunter* v. *Wickser*, 85 N. C. 310 ; *Lynch* v. *Nurdin*, 1 Ad. & El. 29.

The rule is as applicable in cases of negligent injuries to property as in personal injury cases.    This will appear from the following decisions :    *Davies* v. *Mann*, 10 M. & W. 549 ; *Colchester* v. *Brook*, 7 Q. B. 377 ; *Radley* v. *Railroad Co.* 1 App. Cas. H. L. 754.

The rule in question has not been so thoroughly elaborated in Illinois as elsewhere, but it is recognized in the following cases: *Railway Co.* v. *Stratton*, 78 Ill. 88; *Hund* v. *Geier*, 72 id. 393; *Railway Co.* v. *Hoffman*, 67 id. 287; *Railroad Co.* v. *Martin*, 115 id. 371.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action begun on July 31, 1886, in the Superior Court of Cook County by the appellee, a minor suing by his next friend, against the appellant Company to recover damages for a personal injury. The trial in the court below resulted in verdict and judgment for $1750.00 in favor of the plaintiff. The Appellate Court has affirmed the judgment, and from the latter court the cause is brought here by appeal.

The accident occurred on the 1st day of October, 1885. At that time the plaintiff was an infant not quite seventeen months old. On Indiana Street, which runs east and west in the west division of the city of Chicago, and upon one of the street crossings where Armour Street, running north and south, crosses Indiana Street, the plaintiff was struck and knocked down by one of appellant's street cars drawn by horses, going eastward upon Indiana Street. His feet were caught under the car-wheels, and one of them was so badly crushed that it was amputated a few hours after the injury.

The child was so young, that it was incapable of exercising care, and cannot be charged with negligence. It is claimed, that no recovery can be had against the defendant, unless the plaintiff's parents, or the custodian in whose charge they had placed him, exercised reasonable and ordinary care for his safety. It is assigned as error, that none of the instructions given for the plaintiff required the jury to find the exercise of ordinary care by the parents or custodian, and that all the instructions asked by the defendant, which did so require, were refused.

The question in this case is whether the driver of the car could have avoided the injury to the plaintiff, after the latter had been discovered to be in a position of danger. Even though the plaintiff had come into such position through the negligence of those having him in charge, the defendant's servant, who had control of the car, was bound to use reasonable care in avoiding an injury to the plaintiff, if he saw, or, by the exercise of ordinary prudence, might have seen plaintiff's peril. If B, in the performance of some lawful work of his own, such as operating a street car, has notice that A is in danger of being hurt by what B is doing, and that A is unable to escape the danger, then B must use reasonable care to prevent the threatened injury, and he is answerable for the want of such care.

In *I. C. R. R. Co.* v. *Godfrey*, 71 Ill. 500, it was held that, although a party was guilty of negligence in placing himself upon a railroad track at a point where he had no right to be, yet the railroad company "might not, with impunity, wantonly or wilfully injure him;" and, in that case, we said: "if defendant's servants, who were in the management of the engine, after becoming aware of plaintiff's danger, failed to use ordinary care to avoid injuring him, defendant might be liable."

In *Werner* v. *The Citizens' Railway Co.* 81 Mo. 368, plaintiff's husband had fallen upon the railroad track in a state of intoxication, and, while lying there, was run over by one of the defendant's cars between eight and nine o'clock at night, and killed; the driver testified that he saw an object ahead of the horses but supposed it to be a bundle of hay or sack of oats; he could have stopped the car, but made no effort to do so or to ascertain what the object was; it was there said: "If the negligence of a defendant, which contributed directly to cause the injury, occurred after the danger, in which the injured party had placed himself by his own negligence, was, or by the exercise of reasonable care might have been, discovered by the defendant in time to have averted the injury, then defend-

ant is liable, however gross the negligence of the injured party may have been in placing himself in such position of danger."

The doctrine is thus stated by Shearman and Redfield in their work on the Law of Negligence (Vol. 1, sec. 99—4th ed.): "It is now perfectly well settled that the plaintiff may recover damages for an injury caused by defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of the injury, if such injury was proximately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him. We know of no court of last resort in which this rule is any longer disputed. * * * The plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was proximately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which plaintiff is exposed. It is enough if he has sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under similar notice or belief."

In such cases, where the person in danger of being injured is an adult, the defendant will only be liable for wilful injury or gross negligence, on the ground that the adult will be presumed to have the capacity of making some effort to remove himself out of the way of the threatened peril. But in the case of a child of tender years, the defendant will be liable for the want of ordinary care. (*Phila. & Reading R. R. Co.* v. *Spearm,* 47 Penn. St. 300).

In the present case the driver of the car admits that he saw the plaintiff upon the crossing before the accident occurred. One witness says that the child was on the track. Other testimony is to the effect that he was a short distance south of the

track. The horses attached to the car were not walking, but going along in an ordinary trot. The driver says that, when he first saw the child, it was facing south with its back to the approaching car, and that, when he, standing on the front platform, was almost abreast of the child, it turned and ran into the car. The little babe was evidently startled by the noise of the car behind it and, turning, ran child-like into the danger instead of going away from it.

At this time house-movers were moving a church northward on Armour Street across Indiana Street. The windlass and the horses attached thereto, with their driver and the ropes and pulleys and other house moving machinery, were in Indiana Street a few feet south of the track. There was a crowd of boys and children at the corner, playing and looking at the moving church. The driver did not stop his horses, nor slacken their pace to a walk, when he saw the child. He had passed the child by as much as the full length of his horses, and more, before the child turned; and, according to his own account, he made no effort to stop until the child turned towards the car. Under all the circumstances, it was for the jury to say whether he did or did not use ordinary care and prudence in trying to avert the injury after he discovered the danger. There was evidence enough to justify the court in submitting the question to the jury.

Therefore the Court very properly instructed the jury that, if they should find from the evidence that the plaintiff was on the crossing and in such a position as to show that he was likely to be injured by the advance of the car, then the driver was bound to use ordinary care to prevent such threatened injury, if he knew, or by ordinary care or attention to his duty might have known, of the danger, and, by using ordinary care, might have avoided it, but that, if the jury should believe from the evidence, "that the child ran in the way of the car so suddenly that the driver had no such notice of any danger to the child as to give him an opportunity to avoid the danger by the

exercise of such presence of mind and of. such ordinary care as is to be expected from men of ordinary coolness and prudence under such circumstances as were then surrounding him, then the plaintiff has no right to a verdict in his favor."

The parents of the plaintiff were persons in humble circumstances. They had a small grocery at the corner of Armour Street and Austin Avenue, living in the same house where the store was kept. They had no servants. The store was attended to by the family. The father was engaged a part of the time as a teamster. On the day, on which the accident occurred, the mother was ironing, and the father was in the yard chopping wood. The baby was strapped in its baby carriage, and taken out for an airing by a brother fifteen years old. This brother had been in the habit of taking care of the child in this way, and on the afternoon in question had wheeled the carriage to the corner of Indiana and Armour Streets. While he was looking at the moving of the house or at the children playing around it, the baby slipped from the carriage and crept and toddled into the place of danger.

If it be admitted that the older brother was negligent in suffering the child to get upon the street, such negligence on his part would not relieve the defendant from liability, if its servant could have avoided the injury after he discovered the danger. Hence it is unnecessary to discuss the question whether or not the negligence of the older brother can be imputed to the infant, in this suit brought by the infant himself. Under the state of facts developed by the proofs the negligence of the custodian of the child was an immaterial consideration, and therefore the court committed no error in omitting to require the jury to find that such custodian had exercised ordinary care.

We discover no error in the record which would justify us in ordering a reversal. The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*