## Chicago City Ry. Co. v. Herman Strampel.

1. NEGLIGENCE—*When Action of Teamster in Driving Across a Track in Front of a Street Car is.*—The action of a teamster in driving slowly across a track in front of a rapidly approaching street car, relying for his safety upon a supposition that the car will stop at the crossing before it reaches him, is contributory negligence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY. Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed December 4, 1903.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellant; MASON B. STARRING, of counsel.

GEMMILL & FOELL, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee for injuries to his person, received by him at a collision in broad daylight between his wagon and an electric car of appellant's, at the intersection of Root street and Butler street (sometimes called Wright street), in Chicago. At the time of the accident appellee was about forty-six years old and had been a teamster of about twenty years' experience on the streets of Chicago. He was working for Dolese & Shepard, street-work contractors, and having delivered a load of cinders was returning with one of their teams and an iron dump-wagon to the barn at Fortieth and Wallace, driving north on Butler street. As he came to the south side of Root street he saw one street car on that street coming from the east and another one coming from the west. He stopped to let the car coming from the east pass, and at the same time observed that the other was approaching rapidly from the west. He knew the whole situation well and had traveled over this crossing twice a day for a long time before the accident. His own account of it is in part as follows:

" I stop my team and let the car pass. After this I

looked around and one car was near Wallace (one block west of Butler), nearer Wallace than Butler, and I start my team. I thought I had plenty of time to go over there. The car came so fast * * * and went right onto me and tipped the wagon over—catch my left hind wheel. The car was going from west to east on Root street."

On cross-examination he said:

"I knew I had to be on the lookout all the time. A teamster must look out for the cars. I had two nice big horses, one seven years and the other maybe a year older. Had a whip, but not in my hand; it was back of where I was sitting. * * * I came up on a walk. Were not allowed to trot our horses. Stopped pretty close to the track, about five feet from it, on the east side of Butler. * * * As I sat there, I could look east and west, west to Halsted street. Saw the car coming from the west, saw it plainly. It was coming awful fast when it was at Wallace. * * * I did not stop anywhere. I looked both east and west. Halsted is four blocks west of Butler. Next comes Union, then Lowe, then Wallace. When I first saw the car it was at Halsted. Kept my eye on it all the time as it was coming from the west. It came on the rush right straight through. * * * When the car going west started from the corner, the car coming east was nearer Wallace than Butler and coming awfully fast. 1 thought every car must stop at the corner. Don't remember that I saw the car stop to the west. * * * When I started to cross the tracks, I walked my horses all the way until I was hit. We were not allowed to trot. They walked fast. When I started up I whipped both horses, not hard, with the lines; did not use any whip. Did not need to with this team. Had my eye on the car as I was crossing. It was about a third of the way from Wallace when I started my horses. It was pretty close to me when the horses' heads got to the south rail, almost onto Butler. Did not try to stop my horses then; did not pull back on the lines; did not try to turn away from the car. It was an electric street car; there was a little room on the front end where the motorman stood."

Although the car was coming very fast ("awful fast," as appellee puts it), and was near Butler street before his horses had stepped upon the tracks, he saw fit to drive across, and that, too, at a walk and without making any effort to get out of the way of the car, relying, as he says,

upon the supposition that it would stop at the corner. There is nothing in the proof justifying or excusing any such supposition. He says himself that so far as he remembers he had not seen the car stop at any of the street crossings to the west. The only excuse he gives for walking his horses over the tracks, is that they were not allowed to trot. Why they were not or who forbade it does not appear. If he did not wish to disobey orders, it was his duty, under the law and in the exercise of ordinary care, to stop where he was and not attempt to make the crossing with the car almost upon him. He was clearly guilty of contributory negligence.

From the remarks of the learned trial judge during the argument of the motion for a new trial, it appears that he entertained the same opinion and deemed it the wiser course not to grant a new trial, but to send the case to a higher tribunal for a final determination of the facts.

The judgment is reversed.