Chicago & Eastern Illinois Railroad Company and Western Indiana Railroad Company v. William Eganolf, by next friend.

Gen. No.10,990.

1.  CONTRIBUTORY NEGLIGENCE—*when minor cannot be held guilty of.* A child less than six years of age cannot be held guilty of contributory negligence.

2.  RINGING OF BELL—*weight of positive and negative testimony in regard to.* The fact that a witness did not notice or hear a bell ringing, is not of equal weight with positive testimony that it was ringing.

3.  MISTAKE OF JUDGMENT—*when, not negligence as a matter of law.* If a party, acting in an emergency, seeks to save human life and limb, but makes a mistake of judgment in doing one thing before another, such error of judgment does not necessarily constitute negligence, as a matter of law.

Action on the case for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902.  Reversed and remanded.  Opinion filed March 1, 1904.  Rehearing denied March 25, 1904.

Appellee recovered a judgment in an action for personal injuries from which this appeal is prosecuted.

The accident occurred at a railroad crossing where Twenty-fourth place running east and west crosses a system of eight railroad tracks.  The easterly four are known as Fort Wayne tracks, and the others, as the Western Indiana tracks.  The two sets of tracks are separated by a space from ten to fifteen feet wide in which is a tower house upon which is a bell and from which the crossing gates on either side are operated by means of compressed air. Plaintiff at the time of the injury was a boy between five and six years of age.  He had been crossing the tracks to and from school for about two months previous.  There is evidence tending to show that upon the day when injured, he had seized a jumping rope from another boy and started to run west across the tracks pursued by the other boy.  The two are said to have come together upon the westerly or Fort Wayne tracks.  There they separated, the other boy

returning eastward and appellee going west toward the Western Indiana tracks on his way to school. A northbound train of the Chicago & Eastern Illinois Railroad Company was approaching on the first or most easterly of the Western Indiana tracks just east of which stood the tower house. Apparently not seeing this train, which was running it is said at its usual rate at that place of about fifteen miles an hour, the boy continued on his way, reaching the tracks just in time to run his head against the pilot beam of the engine inflicting the injuries complained of.

W. H. LYFORD and KENESAW M. LANDIS, for appellants; ALBERT M. CROSS, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended by attorneys for appellee that notwith standing the age of the injured boy, then less than six years old, he is yet barred from recovery on the ground of his contributory negligence. That question is no longer however an open one in this state. The recent decision in Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, 422, expressly holds that "where the testimony shows that a child is only six years old or less, he is incapable of such conduct as will constitute contributory negligence, so far as the exercise of due care for his own safety is concerned."

The material question is whether the evidence supports the charge of negligence causing the injury on the part of appellants. It is strongly urged that the verdict and judgment are against the weight of the evidence. The alleged negligence of appellants as claimed by appellee consisted, it is said, in not lowering the gates at the crossing when the boy approached the tracks from the east; that the tower man was grossly negligent in not giving the boy some warning, by not ringing the bell, and that the engineer made no attempt to prevent the injury until he

whistled and set his brake at the moment when it became apparent the boy was likely to come in contact with the engine. The testimony introduced in an effort to show that the gates were not lowered as the train approached is not of the most convincing nature, especially that of the witness who, after stating that the gates were up, afterwards, apparently in a moment of forgetfulness, spoke of the boy as "crossing under the gates." There is no doubt that the preponderance of the testimony sustains appellants' contention that the gates were down. There is like conflict as to whether the tower bell was rung, giving warning of the approaching train. There is an overwhelming amount of positive testimony tending to show that the engine bell was ringing automatically, and had been so ringing continuously all the way from Englewood, which is not seriously contradicted. The fact that a witness does not notice or hear a bell is not of equal weight with positive testimony that it was ringing. W. C. St. Ry. Co. v. Mueller, 165 Ill. 500.

Appellee's attorneys, however, do not apparently rely upon the evidence relating to the gates and bells to sustain the charge of negligence against appellants but contend that the verdict and judgment should be sustained upon the testimony of the engineer of appellant in charge of the train by which the boy was injured. This witness stated that when about half a block away from the crossing, he saw the boy coming across the tracks from the east on a slow run; that he immediately whistled and called out to the boy, who paid no attention, but ran against the pilot beam and fell back about twenty feet. The witness states that he immediately applied the brakes and stopped the train. The contention is that it was negligence in the engineer to sound the whistle before applying the brakes; that the train was running at the rate of twenty-two feet a second, and that if the brakes had been applied first the train might have been running slower when the boy ran against the pilot beam of the engine, or the boy might have gotten safely across in front of the train. It is apparent

from the testimony of the engineer that he states he acted promptly, doing at once the things which he deemed suited to the emergency. If the boy had heeded the sharp warning of the whistles and was able to stop in time, it would have been apparent the alarm had served its purpose; whereas, had the brake been first applied, and the alarm given afterward the boy might have been struck on the track and run over instead of being struck before he got on the track. In C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, it is said that to sustain a charge of negligence, the party should have notice of the conditions "at least long enough before the injury inflicted to have enabled him to have formed an intelligent opinion as to how the injury might be avoided and apply the means." The testimony of the witness tends to show prompt action on his part, and even if he had made an error in judgment in doing one thing before another, such error would not necessarily and as a matter of law constitute negligence. The engineer was bound to use reasonable care to avoid the injury when he saw, or by exercise of ordinary prudence might have seen, the danger. See Chicago West Div. Ry. Co. v. Ryan, 131 Ill. 474.

As the case may be retried we refrain from further discussion of the merits. We are of opinion that the judgment is not justified by the evidence and it will therefore be reversed and the cause remanded.

*Reversed and remanded.*