## Chicago City Railway Company v. William F. Schmidt.

### Gen. No. 11,572.

1. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* Held in this case that it was not contributory negligence, as a matter of law, for the plaintiff to ride upon a portion of the car not intended or adapted for the carrying of passengers and to which he had not been invited by the defendant or its agents.

2. CONTRIBUTORY NEGLIGENCE—*when recovery may be had notwithstanding.* Notwithstanding the plaintiff may have been guilty of negligence in exposing himself to the risk of injury, if that injury was nevertheless proximately and immediately caused by the gross neglect of the defendant in not avoiding such injury after having had notice of the plaintiff's danger, a recovery may be had.

3. COLLISION—*when instruction with reference to, improper.* In an action for personal injuries resulting from a collision between street cars, an instruction which tells the jury that they should return a verdict of not guilty "if they believe from the evidence that the going together of the two cars was caused by an unavoidable slipping of the hind car upon a wet or slippery rail without any negligence on the part of the employes thereof," is improper and misleading, in that while the

"unavoidable slipping" might have been without negligence, there might have been negligence authorizing a recovery before the "unavoidable slipping" began.

4. VERDICT—*when, not disturbed as excessive.* Notwithstanding a verdict may be considered high, yet the judgment will not be disturbed upon appeal where such verdict is not so high as to show passion or prejudice upon the part of the jury or as to be plainly unreasonable.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed November 28, 1904. Rehearing denied December 6, 1904.

WILLIAM J. HYNES, JAMES W. DUNCAN and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This appeal is taken to reverse a judgment of $8,000 obtained against appellant by appellee in the Superior Court on the verdict of a jury.

Appellee was injured by a rear end collision on the appellant's street railway. He was at the time standing on the bumper at the rear of a trolley car. This car was on Clark street in Chicago, with its rear end at or near the south line of Eighteenth street, where it had stopped on its southward trip to allow passengers to alight.

Another car of the same line, also going south, ran into it and shoved appellee's foot into one of the fender hooks at the rear of the car on which he was standing, inflicting a serious injury, very painful and permanently disabling, rendering it, as there was testimony tending to show, probably impossible for appellee ever to walk without crutches or other artificial assistance. He was about twenty-five years old at the time of the accident.

The accident happened on November 16, 1900, at dusk, about six in the evening. It was or had been raining somewhat, and the evidence tended to show that the rails for some distance north of the place of the accident were wet and slippery. The evidence showed also that the motor-

man of the rear car was a new man, employed by the defendant company for the first time three weeks before. This motorman in his testimony says that at times at least during this southward trip on Clark street, he could see the car ahead of him, and that he saw and noticed the appellee standing on the bumper at the rear of that car when both cars were a little north of Sixteenth street, and that when his car came to a point a few feet from the north line of Eighteenth street, he saw the other car standing at the south side of that street, and the appellee still on the bumper. He testified further that at this point his car was running at about half full speed; that he then threw off the current and applied the brake, but that the car slid on the rails; that he then released the brake, reset it, and applied the current for reverse action, again releasing the brake, and that his application of such reverse power was at about the middle of Eighteenth street. He testified also that he used sand, but that nevertheless the collision occurred, and that notwithstanding witness shouted and rang the bell, the appellee did not leave the bumper on which he was standing, and was therefore injured. Appellee, however, testified that he heard nothing from the car behind him, nor any warning from any source.

It is urged by appellant that the fact that appellee was upon the bumper of the car, which was not a place provided for passengers to ride, but constructed to meet the shock of such a collision as happened, is in itself proof of negligence upon appellee's part that should have prevented his recovery. Upon this theory, presumably, appellant based a motion that the trial court should direct a verdict of not guilty, a request for an instruction to find the defendant not guilty, and when these were refused, a request for an instruction as follows: "If you believe from the evidence that Schmidt stood upon the bumper of the car in question, and that he would not have been injured had he not stood in such position, then the verdict must be not guilty."

For the denial by the trial court of the motion described,

and for the refusal by it of each of these instructions, error is assigned by appellant.

We do not agree with appellant in its contention in this regard. Without intending to imply that it would not involve in many cases—perhaps in most—contributory neg-. ligence, preventing a recovery for an injury by collision, that the party injured should be riding on some part of the car not intended or adapted for carrying passengers, and to which he had not been invited by the defendant or its agents, we do not think that it was wrong in this case to submit to the jury the question whether "just before and at the time of the happening of the accident complained of, the plaintiff was in the exercise of ordinary care for his own safety." A special interrogatory to this effect was framed by the court and submitted to the jury, and answered in the affirmative. We do not think we should disturb this finding or the results which flow from it.

The evidence is conflicting as to what position or- differing positions the appellee occupied on the car during the trip from Van Buren street to Eighteenth street; but there was evidence from which the jury may reasonably have found that when the car arrived at Eighteenth street it was crowded and had been so since the appellee boarded it; that the rear platform was packed with people; that appellee had been standing for some time with one foot on the deadwood or bumper and the other on the step of the car, while with his hands he was holding on by the rear handlebar of the car and facing towards its interior; that at Eighteenth street he was obliged to move from this position to accommodate passengers who wished to leave the car; that to do so, and while the car was stationary, he stepped completely around onto the bumper, and standing on it at the center of the car, held on to the window frame, looking into the vestibule or platform, intending to resume his former position or some other on or near the platform, when these passengers had alighted. The evidence also tended to show that the ground at this point was muddy. The car on which appellee stood was still, and he was not

bound to anticipate possible negligence or want of ordinary care in the management of the car behind. If these were the circumstances, (and the jury may reasonably and justifiably from the evidence have so found,) we cannot say as a matter of law that it showed a want of ordinary care for his own safety for the appellee to have been in the position in which the collision found him.

But, further, it is to be noted that it is the law that in such a case as this the plaintiff may recover, notwithstanding there was negligence on his part in exposing himself to the risk of the injury, if that injury was nevertheless proximately and immediately caused by the gross neglect of the defendant to use reasonable care to avoid such injury, after having had such notice of the plaintiff's danger as would put a prudent man upon his guard. Chicago West Division Ry. Co. v. Ryan, 131 Ill. 474; Shearman & Redfield on Negligence, vol. 1, sec. 99; Martin v. C. & N. W. Ry. Co., 194 Ill. 138. In this case it is contended by the appellant that there was no such negligence, and that the evidence shows that the motorman took all reasonable measures to prevent the collision, which must therefore be considered an unavoidable accident occasioned by a power beyond the ability of the motorman to control or guard against. We think, however, the jury may reasonably have found otherwise. It may well have found that there was want of reasonable care in the management of the rear car to avoid a danger to the appellee obvious to its motorman.

The motorman testifies that he saw the appellee on the rear of the car in front from the time he left Sixteenth street, two blocks north of the accident. He knew that the car was likely to stop to take on or let off passengers at each southern street corner. As he approached Eighteenth street he saw it standing still. He knew, too, or could have known in the exercise of reasonable care, that the tracks were wet and slippery. Yet his testimony shows that he was almost at the northern line of Eighteenth street before he slowed down the car, and he says that he

slowed it down then "to cross the street." At the middle of the street he applied the reverse current, but it was too late. The speed of his car was thus slackened before it struck the other car, he says, so that it was "*almost* stopped." But the difference between a complete stop and the slackened speed had already done the mischief.

Under either of the views indicated as possible for the jury reasonably to have taken of the evidence—first, that it showed no failure of the appellee to exercise ordinary care for his own safety, and secondly, that it showed great negligence on the part of appellant's servant, the motorman (since the appellee's danger was apparent to him), that he did not sooner begin to slow down his car and thus bring it to a standstill at a sufficient distance from the appellee in his place of danger—the verdict and judgment can be sustained.

Refusal to give other instructions besides the one quoted above is complained of by appellant, but we do not consider there was error in such refusal.

The objection to the refused instruction No. 6, which told the jury that they should return a verdict of not guilty "if they believed from the evidence that the coming together of the two cars was caused by an unavoidable slipping of the hind car upon a wet or slippery rail, without any negligence on the part of the employees thereof," is obvious. It would have been misleading; for while the unavoidable slipping might have been without negligence, there might have been negligence authorizing a recovery before the "unavoidable slipping" began. The words "without any negligence on the part of employees thereof" might well by the jury have been supposed to modify only the words "unavoidable slipping" rather than the preceding words "was caused," as counsel for appellant seems to argue they must be understood.

So, too, and for similar reasons, the instruction numbered 9 was properly refused. The latter part of it—"If, after considering all the evidence the jury believe that the employees in charge of said car undertook to stop it in the usual manner

Chicago City Ry. Co. v. Schmidt.

and with the usual means, *and* that there was no failure on their part to use the highest practicable care in the operation of said car, then the jury must find the defendant not guilty "—might have misled the jury, had it been given, into believing that the court meant to say that to undertake, under the peculiar circumstances shown in evidence, "to stop the car in the usual manner and with the usual means," in itself showed that there was "no failure to use the highest practicable care in the operation of said car." This would have taken from the jury a question they were called upon to answer. The unobjectionable portion of the instruction was given in other instructions.

Nor do we think that there is any reversible error in the instructions given. Although error is assigned as to all those given on behalf of plaintiff and all those offered by the defendant and modified, error in giving the first one is alone insisted on in argument. We do not think that it was erroneous, or could have misled the jury when taken in connection with the others given. The language of the Supreme Court in Chicago City Ry. Co. v. Mead, 206 Ill. 178, is very applicable here: "The instructions should be regarded as a connected series constituting a single charge." We think that so regarded they clearly presented a correct view of the law to the jury.

Although error is assigned that the damages are excessive, this point is not argued and must be considered waived. Nor does the evidence seem to support it. They are doubtless high, but not so high for the injury proven as to show passion or prejudice on the part of the jury, or to be considered plainly unreasonable.

The judgment will therefore be affirmed.

*Affirmed.*