THE CHICAGO UNION TRACTION COMPANY

*v.*

LARS R. JACOBSON.

*Opinion filed October 24, 1905.*

1. STREET RAILWAYS—*when question of due care by the plaintiff should go to the jury.* Whether a driver was using due care for his safety is properly left to the jury under evidence that the street car which struck his wagon was about three hundred feet away when he started to drive across the track in the middle of the block but that he believed he had time to cross in safety, even though he also testified that he saw the car coming and knew it would probably strike the wagon unless the motorman slowed down or stopped.

2. SAME—*when act of teamster is negligence per se.* It is negligence, as a matter of law, for a teamster to deliberately drive upon the tracks of a street car company between street intersections knowing that a car is closely approaching at a high rate of speed and that it must strike his wagon unless the car is stopped, but with the intention of taking precedence and compelling the car to stop.

3. NEGLIGENCE—*question of negligence is controlled by rules of law.* While negligence in a particular case is a deduction or conclusion of fact from the facts and circumstances proven and is ordinarily a question for the jury, yet the rights and duties of all the parties in relation to each other are controlled by law, and it is proper for the court to instruct the jury as to the same.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

HAYNIE R. PEARSON, and SAMUEL W. JACKSON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Lars R. Jacobson, was driving a team drawing a heavy truck loaded with flour on West Twelfth street between the intersecting streets, Albany avenue and Whipple street, in the city of Chicago. He delivered a small quantity of the flour at a grocery store three doors east of Albany avenue and then turned his team across the street car track of appellant, the Chicago Union Traction Company. An electric car of appellant was approaching from the east in the vicinity of Whipple street, the next street east. He saw the car, which was running at about the usual rate of speed, and was familiar with the rate at which the cars were usually run. After looking at the car he gave no further attention to it, and when nearly across the track the car struck the rear end of the wagon, turning it over and throwing him from his seat to the pavement. He brought this suit against appellant in the circuit court of Cook county for damages, alleging that he was in the exercise of due care,

and that the collision, and consequent injury to him, resulted from general careless and negligent management of the car. The plea was the general issue, and upon a trial he recovered a judgment, which has been affirmed by the Appellate Court for the First District.

The grounds relied upon for reversal of the judgment of the Appellate Court are, that the trial court erred in refusing to direct a verdict of not guilty and submitting to the jury the question whether appellee was guilty of contributory negligence, and in refusing the third instruction requested by the defendant.

Counsel for the appellant do not deny that the evidence tended to prove negligence on its part, but they contend that the evidence established that plaintiff was not in the exercise of ordinary care and was guilty of contributory negligence as a matter of law. Counsel for appellee devote most of their argument to the proposition that the appellant was guilty of negligence; but that fact is not denied, and its existence did not dispense with the exercise of ordinary care on the part of the appellee. If appellee was guilty of negligence contributing to the collision and injury, the law would not permit a recovery upon the ground that appellant was also negligent in failing to employ all reasonable means to avoid the collision. The claim of counsel for appellant is, that the only inference which could be drawn from the testimony of plaintiff was, that when he turned his horses and drove across the car track he knew that the car would inevitably strike the wagon unless the motorman slowed down or stopped the car; that with full knowledge of such fact he deliberately took the chances of getting across the track in safety, and that such conduct was contributory negligence as a matter of law. The accident occurred in the middle of the block, between street intersections, and the question whether he drove across the track in disregard of the rights of appellant, knowing that the car would probably strike his wagon unless it stopped or slowed down and intending to

compel the car to stop or slacken speed, depended almost wholly upon his own testimony. That would be a justifiable inference from portions of his testimony. He said that he knew the car would have to stop or slow down or it would probably strike his wagon, and that the car could slack up just as well as he could with a team, and he thought the motorman could stop when the car was right close to the wagon. That testimony would justify the conclusion that appellee knew, when he drove upon the track, that a collision would be inevitable, in the ordinary operation of the car, unless the motorman of appellant should prevent the collision by his care and diligence. But appellee also testified that when he turned his team to cross the track the car was about one hundred feet east of Whipple street; that said street was about two hundred feet east of him, and that he thought he had time to get across the track. He was bound to exercise a reasonable judgment in view of all the circumstances, and the court, in passing on the motion, was required to consider all the evidence, including the distance of the car from the wagon, the rate of speed, and all the circumstances. We cannot say that in so considering it the evidence necessarily led to but one conclusion, but we think that the question whether, under all the circumstances, appellee believed, upon reasonable grounds, that he had time to get across the track before the car would reach him, was proper to be submitted to the jury.

The third instruction which the defendant requested the court to give and which the court refused to give to the jury, stated that if appellee started to cross the track and saw the car coming from the east at a high rate of speed, and knew that he could not cross the track without being struck by the car unless it should be stopped or slackened in speed, and deliberately took the chances of crossing the track in safety, he could not recover. That was the theory of the defendant, and there was evidence tending to prove it. Counsel for appellee reiterate the rule that negligence is ordinarily a ques-

tion of fact for the jury, and insist that the instruction would have invaded the province of the jury by telling them that the facts contained in it would prevent a recovery. Negligence is a deduction or conclusion of fact from the facts and circumstances proved in a case, and is generally a question for the jury. But that statement does not mean that the question is not affected or controlled by rules of law. The law prescribes and regulates the rights and duties of all parties in relation to each other, and it is proper for the court to instruct the jury concerning such rights and duties. (*North Chicago Electric Railway Co.* v. *Peuser,* 190 Ill. 67.) The instruction was based on the respective rights and duties of the parties at the place where the accident occurred, and the hypothesis of fact was such that the act would be negligent as a matter of law. If teamsters, generally, may drive across street car tracks between street intersections knowing that a collision will be inevitable unless a car is stopped, and intending to take precedence over the car and compel those in charge of the car to stop it, the rights of a street car company on its track and of the general traveling public would be invaded and practically destroyed. (*North Chicago Electric Railway Co.* v. *Peuser, supra.*) The law does not permit one in such a place to drive in the path of a moving car, relying upon those in charge of the car to stop it and protect him from injury. But the twenty-seventh instruction given at the request of the appellant was identical in principle with the one which was refused. It stated that if appellee looked east before he started to cross the track and saw the car approaching and the distance which it was from him, and knew that if the car did not stop or slacken speed it would probably strike the wagon before he could cross the track, and with such knowledge undertook to cross the track, he could not recover. It was unnecessary to repeat the instruction, and for that reason it was proper to refuse the third.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*