### John H. Lee v. Chicago City Railway Company.

#### Gen. No. 12,548.

1. CONTRIBUTORY NEGLIGENCE—*when question of whether one seeking to cross street car tracks is guilty of, to be determined as one of law.* Where it appears that the plaintiff was injured while attempting to drive at a snail's pace across the tracks of the defendant company, it is a question of law for the court to say that such plaintiff was guilty of contributory negligence, where no watchfulness, alertness or reasonable care appears to have been exercised by the plaintiff for his own safety.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.

Heard in the Branch Appellate Court at the October term, 1905. Affirmed.   Opinion filed June 26, 1906.

**Statement by the Court.** Appellant sued to recover for personal injuries alleged to have been caused by negligence of appellee. At the close of the plaintiff's evidence the court upon motion of defendant's attorneys instructed the jury to find the defendant not guilty.

The plaintiff testified that he was driving westward on Polk street, Chicago, approaching Clark street. He was driving two horses attached to a heavy but empty wagon which he had just before unloaded, and was returning to the depot to get another load. When the front of his wagon where he was seated reached the east line of Clark street, he states that he looked north and south along that street and saw one car about 250 or 275 feet away coming toward him from the north. His horses were walking at a rate, according to his estimate, of about three miles an hour toward and over the tracks upon which the car was approaching. He "made no effort to stop his team or to hurry up," but kept on "straight across the tracks without again looking at the car or making the slightest effort to find out how near the car had gotten to him; never saw the car again." The car struck the wagon with considerable force, at or near the hind wheel, and plaintiff was thrown out.

FRANK CROZIER, for appellant.

WILLIAM J. HYNES and GEORGE W. MILLER, for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The facts in this case are not complicated. Appellant, seeing an electric car approaching on a street car track over which his way led him, allowed his team to continue at a slow walk straight on to the tracks, paid no further attention to the car and did not look again to see whether it was near or far nor whether it was under control of the motorman or not. He entirely ignored its presence and

without giving it a second glance, put himself in a position where in case of inadvertence, miscalculation of distance or negligence by the motorman, his wagon was liable to be struck as it was. The wagon was not loaded, and in view of the evidence in his behalf tending to show that it was the hind wheel which was struck, it is apparent that a slight hastening of his horses would have carried him over in safety. That his failure to take these obvious precautions or any precaution at all was contributory negligence is, we think, not open to question.

It may be the motorman was also negligent in not having his car under control so as to prevent the collision without regard to appellant's want of ordinary care for his own safety. It is true, as his attorney argues, that both appellant's team and the car had equal rights at this street intersection. Appellant was on the crossing first; but when by keeping his eyes open and his wits about him he could have gotten out of the way and escaped the danger with perfect ease and without trouble or risk, ordinary care for his own safety should have led him to make some effort to do so. He had no more right to obstruct the passage of the car by negligent disregard of its approach, and leisurely walking his horses over the tracks when he could have readily hastened them for aught that appears, than he would have had unnecessarily to allow his team to come to a full stop on the track and expect the car to wait his convenience. While it is the duty of a street car motorman to respect the rights of other conveyances at a street intersection, it is no less the duty of the driver of a wagon to respect the rights of a street car. If it be conceded that under the circumstances the motorman should have had his car under control so as to be able to avoid the collision, it is equally true that the appellant should in the exercise of ordinary care have had himself, the situation and his horses likewise under control so as to be able to avoid an obvious risk of collision.

It is urged that the question of contributory negligence should have been submitted to the jury. It is generally true doubtless, as has been said, that "the question of contrib-

utory negligence is for the jury where a driver attempts to drive across a railway at a crossing after seeing a car approaching about 300 feet away at an unusual rate of speed." 2 Thomp. on Neg., sec. 1478. But there can be no reasonable ground for difference of opinion and no question for a jury when under such conditions a driver attempts to drive across with an empty wagon at a snail's pace, and makes no effort to avoid danger. Some watchfulness, some alertness, some reasonable degree of care for his own safety are requisite, and as to this "there is no reasonable chance of different reasonable minds reaching different conclusions." I. C. R. R. Co. v. Anderson, 184 Ill. 294. In such circumstances negligence is a question of law for the court. Appellant was an adult of experience, accustomed to drive over city streets and must "be presumed to have the capacity of making some effort to remove himself out of the way of the threatened peril." C. W. D. Ry. Co. v. Ryan, 131 Ill. 474–479. He must be presumed also to have capacity of making some effort when he is in a place where danger from a car is liable to occur, to keep himself advised of its approach, especially when he has just seen a car coming upon the tracks he is about to cross.

This is not a mere attempt to cross in front of a car, as in cases cited by appellant's attorney. It was an attempt to cross in utter and conceded disregard of ordinary precautions against known danger. The case of C. C. Ry. Co. v. Martensen, 100 Ill. App. 306–308, relied upon apparently by appellant, is not in point, since the rule as there stated is said to be applicable where the persons or teams lawfully using the street are not "themselves guilty of any negligent act or omission contributing to the injury." Here, after seeing a car approaching, appellant went on the tracks with his horses walking, without again looking or making the slightest effort to find out how near the car was, and, as he states, he never saw it again until he heard the crash of the collision.

The judgment of the Superior Court must be affirmed.

*Affirmed.*