## Marshall E. Sampsell, Receiver, v. Edwin F. Wilkie.

## Gen. No. 13,645.

CONTRIBUTORY NEGLIGENCE—*what constitutes, as matter of law.* It is contributory negligence, as a matter of law, for a teamster to drive upon a street car track between street intersections, knowing that a car is coming towards him on such track, and that a collision will occur unless the car is stopped.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed with finding of facts. Opinion filed January 28, 1908.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

JAMES L. BYNUM and CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1,000, recovered by the plaintiff in an action on the case for personal injuries.

Appellant, as receiver, operated a double track electric street railway in Grand avenue, an east and west street, from which Ada street runs north but not south.

Plaintiff was the driver of a two-wheeled covered mail cart, and was driving west in Grand avenue with

the wheels of his cart astride the north rail of the west-bound track. He turned out to the south to pass a loaded wagon or truck which had stopped in front of his cart, and his cart was struck by a car running east on the south track, and in such collision he sustained the injuries for which the recovery was had.

Plaintiff testified upon the trial that there was a pile of lumber in Grand avenue a short distance east of Ada street, extending from the north curb nearly to the north rail of the north track; that the south wheel of his cart was about midway between the rails of the north track, and that the wagon was directly in front of his cart; that the distance between the rails was four feet eight inches, and the clearance between the two tracks the same; that he turned out to the southwest to pass the wagon and the wheel of his cart had just about cleared the wagon when he first saw the car approaching; that he slapped the horse with the lines, but the horse went slowly because there were loose cobblestones between the rails, "he traveled slowly, carefully picking his way across these tracks"; that the cart was almost across the tracks when the car struck it; that the car was 100 to 125 feet away when he first saw it; that he was familiar with the condition of the street and knew that electric cars ran every five or six minutes, and knew their ordinary rate of speed between street crossings; that he stood upon a platform or step at the rear of his cart which was about a foot above the ground; that "the front part of the wagon is glass, but there are doors that swing open, and that day it was open. Q. There was nothing to obstruct your view then? A. Nothing but the truck"; that the distance between the south wheel of the truck and the north rail of the south track was about seven feet; that he first saw the car just as his horse was about to go on the track on which the car was coming. "Q. It was just about to go on the track when you saw the car coming from the west, about a hundred feet from you? A. Yes,

sir. Q. You knew then that if the motorman did not slow up that car, the probability was that it would strike your wagon? A. Yes, sir. Q. Your wagon was on two wheels, was it not? A. Yes, sir. Q. That would turn around just like on a pivot? A. It was swung that way. Yes, sir. Q. Had the horse gotten on to the south track when you first saw the car, or just getting ready to go on? A. Just ready to go on. Q. Just ready to go on, yes? A. I misunderstood your question. The wagon was just ready to go on, the horse was already on the track. Q. The wheels hadn't yet gotten on the track? A. No, sir."

We know of no case in which it has been held not to be contributory negligence for a teamster to drive upon a street car track between street intersections, knowing that a car is coming towards him on such track and that a collision will occur unless the car is stopped. That such conduct amounts to and constitutes contributory negligence on the part of the teamster was held in Chicago Union Trac. Co. v. Jacobson, 217 Ill. 404, and C. C. Ry. Co. v. Strampel, 110 Ill. App. 482. When the plaintiff drove upon the track, he knew that a car, then a hundred feet or more away, was coming toward him, and testified that he knew that if the motorman did not slow up the car, the probability was that it would strike his cart, and yet he made no attempt to turn back or turn away from the track.

The plaintiff was, according to his own testimony, clearly guilty of contributory negligence, and the judgment will therefore be reversed with a finding of facts.

*Reversed.*