Jennie Moreland, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 13,973.

CONTRIBUTORY NEGLIGENCE—*when one seeking to cross street car tracks guilty of, as matter of law.* The attempt of a person to cross street car tracks in front of an approaching car, in disregard of all ordinary precautions against known danger, is contributory negligence as a matter of law.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of fact. Opinion filed May 1, 1908. Rehearing denied May 12, 1908.

Statement by the Court. Appellee, as administratrix of the estate of Charles D. Moreland, deceased, recovered a judgment in the Superior Court against appellant for damages for negligently causing the death of said deceased on May 3, 1905.

Plaintiff's intestate was driving a team of horses attached to a bakery wagon belonging to Kohlsaat & Company on Wabash avenue between Twelfth and Thirteenth streets in the city of Chicago. While crossing the tracks of appellant's street car line on Wabash avenue an electric car going north struck the rear end of the wagon in which the deceased was riding, throwing it over, and the deceased received an injury from which he died within a few minutes.

The declaration contained three counts, and averred careless and negligent operation of the street car; and averred that the deceased left him surviving as his sole heir and next of kin his wife, the appellee.

At the close of the evidence on the part of the plaintiff, and again at the close of all the evidence in the case, appellant moved the court to instruct the jury to find the defendant not guilty, and offered an instruction in writing to that effect, but the trial court overruled the motions and refused the instructions.

WILLIAM J. HYNES, FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The undisputed evidence is that the accident occurred between six and seven o'clock in the morning; that one of appellant's cars was going north in Wabash avenue between Thirteenth and Twelfth streets at the usual rate of speed, eight or ten miles an hour; that there was a bakery wagon with two horses attached standing, facing north, on the east side of Wabash avenue, in front of a restaurant, and the driver, deceased, was inside the restaurant; that as the car approached, the deceased came out of the restaurant, got into the wagon, swung his horses around to the southwest, and attempted to drive his team across the street car tracks in a diagonal direction, in front of the approaching car. The car struck the rear end of the wagon, raising it up on two wheels, and as it was drawn along by the horses it fell over on its side. The deceased was not thrown out of the wagon, but after it was tipped over he emerged from it, and there was a wedge-shaped piece of glass in his neck under the angle of the jaw. He went to his horses' heads and seized them by the bits, and after holding them for a few moments sank to the pavement.

Some of the witnesses testified that while he was holding the team a bystander, whom none of the witnesses knew, approached and drew the piece of glass from his neck, and that the blood spurted out in a stream. Other witnesses testified that the bystander did not remove the glass until after deceased had sunk to the pavement and been carried to the curbstone. All agree that death occurred shortly after the removal of the piece of glass. The piece of glass severed or cut the jugular vein.

It is urged on behalf of appellant that the record is

barren of evidence that the collision by the car with the wagon was the proximate cause of the death of the deceased; that, on the contrary, the evidence shows that his death was the result of the removal from his neck by a bystander of the piece of glass. The contention is that an independent agency intervened, aggravating the physical injury, and that the party originally at fault is not responsible for the additional injurious effects caused thereby.

In our opinion, this contention has too slight a foundation in the evidence to merit serious consideration. We cannot interfere with the verdict of the jury on that ground.

The serious question upon which the case turns, in our opinion, is the question of contributory negligence.

The great preponderance of the evidence shows that the car was traveling at a rate of speed of from eight to ten miles an hour, and the bell was being sounded continuously from the time the car left Thirteenth street. This is testified to by ten witnesses called by appellant. One only of the five witnesses who testified on behalf of appellee stated that the bell was not sounded so as to give the deceased notice of the approach of the car. That witness testified that the bell was sounded when the car was fifteen feet from the wagon.

There is a controversy in the evidence in respect to the distance the car was from the wagon at the time deceased got into the wagon and started to turn the team across the railway track. The witnesses called by appellee estimate this distance at from sixty to one hundred feet. The testimony of appellant's witnesses shows that the car was only forty or fifty feet distant from the deceased when he started up his team and attempted to cross the track diagonally toward the southwest, in front of the approaching car, which was in full view. The testimony for appellee showed that the deceased came out of the restaurant, and, crossing the sidewalk in a hurry, jumped into the

wagon and turned his horses around to the southwest and started to cross the railway tracks without taking any notice of the approaching car; and when the horses went over the east rail of the track the car was about twenty-five feet or perhaps over a car length from them.

From an examination and an analysis of all the evidence we think it appears that all the witnesses to the accident are practically in accord to the effect that the car was traveling at the usual rate of speed between street intersections and was in full view of the deceased when he came out of the restaurant; that the deceased passed rapidly across the sidewalk and jumped into his wagon and suddenly swung his team around to the southwest and attempted to cross the track upon which the car was traveling when it was so near that the injury must be attributed to the negligence of the deceased. "The law does not permit one in such a place to drive in the path of a moving car, relying upon those in charge of the car to stop it and protect him from injury." Chicago Union T. Co. v. Jacobson, 217 Ill. 404, 408. From the evidence the situation appears to have been such that if deceased attempted to drive across the street car track when he started his team in motion, he must have known that a collision would be inevitable unless the car was stopped. The attempt of deceased to cross the track in front of the car, in disregard of all ordinary precautions against known danger, must be held, we think, to be contributory negligence which will prevent any recovery. Chicago Union T. Co. v. Jacobson, *supra;* Beidler v. Branshaw, 200 Ill. 425; Lee v. Chicago City Ry. Co., 127 Ill. App. 510; I. C. R. R. Co. v. Batson, 81 *id.* 142.

The judgment is reversed, with a finding of fact.

*Reversed, with finding of fact.*

Mr. Presiding Justice BAKER dissenting.