## Nelson Langlois, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 13,972.

CONTRIBUTORY NEGLIGENCE—*when teamster seeking to cross street car tracks guilty of.* One in charge of a heavy team who seeks to cross street car tracks is guilty of contributory negligence if he fails to look in both directions for approaching cars or if he has looked and seen an approaching car, attempts to cross in front thereof, driving slowly and under circumstances calculated to result in a collision.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed June 2, 1908.

**Statement by the Court.** Defendant in error, Nelson Langlois, sued to recover for personal injuries alleged to have been caused by the negligence of plaintiff in error. Defendant in error was driving a heavily loaded two-horse "tallow-wagon" west on Forty-third street about seven o'clock in the evening of December 27, 1906. The day had been wet and the night was dark. The plaintiff in error, the Chicago City Rail-

way Company, operates electric cars on Wentworth avenue, a north-bound track being located on the east side, and a south-bound track on the west side thereof. There is evidence to the effect that when defendant in error reached Wentworth avenue he looked south to see if a car was coming north from that direction, and drove slowly onto the north-bound track. He continued on his way across the south-bound track and the rear of his wagon was hit by a south-bound car just as it was leaving the west track, jarring the wagon sufficiently to throw defendant in error to the ground, but doing no injury to the wagon.

The cause was submitted to a jury, which returned a verdict for $1,000 in favor of defendant in error. Judgment was entered on the verdict, from which judgment this appeal is prosecuted.

Samuel S. Page and Ferdinand Goss, for plaintiff in error; John R. Harrington, of counsel.

James L. Bynum and Charles C. Spencer, for defendant in error.

Mr. Justice Freeman delivered the opinion of the court.

The defendant in error—hereinafter called plaintiff—testified that he had been a teamster for about seventeen years and was fully acquainted with the fact that on such a night street cars may be more difficult to control than in dry weather, and that with a heavily loaded wagon it is not always easy to cross street car tracks quickly in an emergency. He states that he looked north as well as south; that he could see well for several blocks; that nothing obstructed the view, and that he did not see the south-bound car coming from the north until the car was within some forty feet of him. A number of witnesses called in his behalf, however, who were south of him, and therefore further away from the approaching car, did see it at

the time when he drove into Wentworth avenue, and testified that it was brightly lighted and plainly visible. The testimony of these witnesses further tends to show that Langlois was not alert; that he was sitting leaning over, watching his team, apparently neither looking out for cars on the tracks he was crossing nor hastening his team until the bell sounded close to him. Then he pulled on the lines and the horses went a little faster. From all the evidence it is, we think, apparent either that plaintiff failed to look north, as he claims he did, or that if he did look, he saw the car and deliberately attempted to cross in front of it with a heavily loaded wagon, driving slowly and, under the circumstances, negligently. Lee v. C. C. Ry. Co., 127 Ill. App. 510-511.

The evidence in behalf of the defendant tends to show with reasonable certainty that the motorman rang his bell, put on the air brakes promptly, and was running at a reasonably moderate rate of speed. The evidence of witnesses for plaintiff tends to corroborate this evidence, and we are of opinion that from the testimony of the plaintiff's witnesses the conclusion is inevitable that plaintiff was guilty of contributory negligence, except for which the accident would not have occurred.

Numerous errors are assigned relating to rulings of the trial court to the instructions and the amount of the judgment. In view of the conclusion stated, it is not necessary to consider the questions so raised.

For the reasons indicated, the judgment of the Municipal Court must be reversed, with a finding of facts.

*Reversed, with finding of facts.*